UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS COPELAND,

    Plaintiff,                                    Case No. 17-cv-

-vs-

                                        Hon.

A.J.M. PACKAGING
CORPORATION,

    Defendant.

---

Jennifer Lossia McManus P65976
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Ave
Royal Oak, MI  48067
(248) 542-6300
jmcmanus@faganlawpc.com

Megan A. Bonanni P52079
PITT MCGEHEE PALMER & RIVERS, P.C.
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com

---

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff DARIUS COPELAND, by and through his

attorneys, FAGAN MCMANUS, P.C., and PITT MCGEHEE PALMER & RIVERS, P.C.,

after inquiry reasonable under the circumstances, on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. This is a misclassification, overtime and wage theft case. Plaintiff is an adult residing and working within this judicial district and – during the relevant time – works as a Machine Adjuster for A.J.M. Packaging Corporation ("A.J.M."), a company that upon information and belief operates 13 plants throughout the United States.

2. This case is about A.J.M.'s intentional overtime and minimum wage violations which arises from its willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. for failure to pay overtime wages for all hours of work in excess of 40 hours in a workweek performed by Plaintiff and for failure to pay a minimum wage for hours 41-45 worked for A.J.M. in a work week.

3. Plaintiff brings this action seeking damages, back pay, liquidated damages, and declaratory relief, civil penalties, prejudgment interest, reasonable attorneys' fees and costs, and any and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal

question under 29 U.S.C. § 201, *et seq.*

5.  Additionally, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

6.  Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

7.  At all relevant times, Defendant owned and operated a business enterprise engaged in interstate commerce utilizing goods moved in interstate commerce as defined in 29 U.S.C. § 203(s).

8.  Defendant's various locations constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because they perform related activities, either through a unified operation or through common control for a common business purpose.

9.  Defendant provides mutually supportive services to the substantial advantage of each entity and each are therefore operationally interdependent and may be treated as single "enterprise."

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because

the actions and omissions giving rise to the claims in this Complaint substantially occurred in this District.

11. This court has personal jurisdiction over Defendant because Defendant is incorporated in Bloomfield Hills, Michigan and conducts business within the state of Michigan.

## PARTIES

12. Plaintiff Darius Copeland is a resident of Belleville, County of Wayne, State of Michigan. He has worked as a Machine Adjuster for A.J.M. since July 7, 2016, and is currently still employed with A.J.M..

13. Defendant A.J.M., Inc. is a for-profit corporation incorporated in Bloomfield Hills, Michigan and with locations throughout the State of Michigan and nationwide.

## GENERAL ALLEGATIONS

14. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA for his subjection to A.J.M.'s misclassification and improper wage and hour practices scheme at any time during the last three years.

15. Plaintiff has worked as a Machine Adjuster throughout his employment with A.J.M..

16. His position as a machine Adjuster is a manual labor position, and is not subject to any FLSA exemptions.

17. Plaintiff, throughout his employment with A.J.M., has experienced A.J.M.'s failure to pay overtime wages for all hours worked over 40 when legally required to do so.

18. A.J.M. has a policy in practice in place of only paying "overtime" wages for hours worked over 45 in a work week, rather than for hours worked over 40 in a work week, as required under the FLSA.

19. For hours 41-45 worked in a workweek, A.J.M. pays its Machine Adjusters $4.89 per hour, which is well below the minimum wage, and significantly less than the time and a half mandated by the FLSA.

20. For hours 45 and above worked in a workweek, A.J.M. pays its Machine Adjusters time and a third for such hours, rather than the time and a half mandated by the FLSA.

21. Plaintiff has raised concerns regarding A.J.M.'s failure to properly pay overtime wages with A.J.M.'s human resources department, but was informed that he is receiving "adequate pay."

22. A.J.M. knew or should have known the wage and hour model it developed and implemented was unlawful under applicable laws. Nonetheless, A.J.M. continued to willfully engage in the violations described herein.

23. The provisions of the FLSA, 29 U.S.C. § 207, require A.J.M. to compensate non-exempt employees who work in excess of forty (40) hours in a

workweek at a rate of one and one-half times their regular rate of pay.

24. Contrary to the above statutory enactment, A.J.M. adopted a policy and practice of failing to pay Plaintiffs and all similarly situated individuals an overtime wage at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

25. A.J.M. willfully violated the FLSA by knowingly failing to compensate Plaintiffs overtime wages for the hours they worked in excess of forty (40) hours per week according to the terms of the FLSA, 29 U.S.C. § 201, *et seq.*

## NATIONWIDE COLLECTIVE ACTION

26. Plaintiff bring this case on behalf of himself and all other Machine Adjusters who have worked for A.J.M. at any time between three years before the commencement of this action and the date of final judgment in this matter.

27. Plaintiff brings this complaint under 29 U.S.C. § 216(b) of the FLSA. Plaintiff is similarly situated to all other Machine Adjusters in that they are all subject to A.J.M.'s common plan or practice failing to properly lawfully pay them minimum wage and overtime wages pursuant to the FLSA.

## LEGAL CLAIMS

### COUNT I –
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME WAGES AND FAILURE TO PAY MINIMUM WAGE

9

28. Plaintiff re-alleges and incorporates all previous paragraphs herein.

29. At all times relevant to this action, A.J.M. was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq*.

30. At all times relevant to this action, Plaintiff was an "employee" of A.J.M. within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

31. At all times relevant to this action, A.J.M. "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

32. At all times relevant to this action, A.J.M. failed to pay Plaintiff the federally mandated wages and overtime compensation for all services performed. Specifically, A.J.M. failed to pay Plaintiff appropriate overtime wages for all hours worked in excess of forty (40) hours per week.

33. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

34. In addition, A.J.M. is subject to the minimum wage requirements of the FLSA.

35. A.J.M. violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per

workweek.

36. A.J.M. also violated the FLSA by failing to pay Plaintiff all minimum wages due to Plaintiff.

37. A.J.M.'s violations of the FLSA were knowing and willful.

38. By failing to compensate Plaintiff at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, A.J.M. has violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, Plaintiff is entitled to damages equal to the mandated minimum wage and overtime premium pay within three years preceding their filing of this Complaint plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

40. Plaintiff seeks damages in the amount of his unpaid wages, overtime wages, liquidated damages as provided by 29 U.S.C. §216(b), interest, attorneys' fees, and such other legal and equitable relief as the Court deems proper.

41. Plaintiff and all other similarly situated Machine Adjusters, as described above, who opt into this litigation are entitled to compensation for all regular hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following:

A. Certification of the described class under the FLSA;

B. An award of overtime wages under the FLSA;

C. An award of unpaid regular wages under the FLSA;

D. An award of liquidated damages under the FLSA;

E. A declaratory judgment that the practices complained of are unlawful under the FLSA;

F. Interest and costs;

G. Attorneys' fees under the FLSA; and

H. Such other relief as in law or equity may pertain.

Dated: January 24, 2017   By: /s/ *Jennifer L. McManus*
　　　　　　　　　　　　　　　Jennifer L. McManus (P65976)
　　　　　　　　　　　　　　　FAGAN MCMANUS, P.C.
　　　　　　　　　　　　　　　25892 Woodward Avenue
　　　　　　　　　　　　　　　Royal Oak, MI  48067-0910
　　　　　　　　　　　　　　　 (248) 542-6300
　　　　　　　　　　　　　　　jmcmanus@faganlawpc.com

　　　　　　　　　　　　　　　Megan A. Bonanni P52079
　　　　　　　　　　　　　　　PITT MCGEHEE PALMER & RIVERS, P.C.
　　　　　　　　　　　　　　　117 W. Fourth Street, Suite 200
　　　　　　　　　　　　　　　Royal Oak, MI 48067
　　　　　　　　　　　　　　　(248) 398-9800
　　　　　　　　　　　　　　　mbonanni@pittlawpc.com

　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS COPELAND,

    Plaintiff,

-vs-

A.J.M. PACKAGING
CORPORATION,

    Defendant.

Case No. 17-cv-

Hon.

---

Jennifer Lossia McManus P65976
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Ave
Royal Oak, MI  48067
(248) 542-6300
jmcmanus@faganlawpc.com

Megan A. Bonanni P52079
PITT MCGEHEE PALMER & RIVERS, P.C.
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com

---

**PLAINTIFFS' DEMAND FOR JURY TRIAL**

    NOW COMES the above named Plaintiff, by and through his attorneys, FAGAN MCMANUS, P.C., and PITT MCGEHEE PALMER & RIVERS, P.C., and hereby

13

demands trial by jury on the above matter.

Dated:  January 24, 2017		By: /s/ *Jennifer L. McManus*
						Jennifer L. McManus (P65976)
						FAGAN MCMANUS, P.C.
						25892 Woodward Avenue
						Royal Oak, MI  48067-0910
						 (248) 542-6300
						jmcmanus@faganlawpc.com

						Megan A. Bonanni P52079
						PITT MCGEHEE PALMER & RIVERS, P.C.
						117 W. Fourth Street, Suite 200
						Royal Oak, MI 48067
						(248) 398-9800
						mbonanni@pittlawpc.com

						**ATTORNEYS FOR PLAINTIFF**